UNITED STATES ex rel. CASSETTA v.
WATKINS, District Director of Immi-
gration and Naturalization.

District Court, S. D. New York.

Sept. 10, 1947.

Samuel Silk, of New York City (Jo-
seph J. Lyman, of Washington, D. C., of
counsel), for relator.

John F. X. McGohey, U. S. Atty., of
New York City (William J. Sexton, Asst.
U. S. Atty., of New York City, of counsel),
for respondent.

MEDINA, District Judge.

Domenico Cassetta, the relator, a native
and citizen of Italy, entered the United
States at New York City on March 14,
1914, on board the SS "Sant'Anna." He
has resided in this country continuously
since that time and has never become a
public charge. On January 2, 1943, an im-
migration warrant for the arrest of relator
was issued and, after various proceedings,
he was ordered deported to Italy by the
Board of Immigration Appeals on July 2,
1945, because of judgments of conviction
rendered against him, as hereinafter de-
scribed in detail, for the violation of a law
relating to traffic in narcotics. The result
of further proceedings on the part of re-
lator was the affirmance on June 19, 1947,
by the Board of Immigration Appeals of an
order by the Acting Commissioner, Immi-
gration and Naturalization, denying re-
lator's application for a stay of deportation.
The present motion to sustain the writ of
habeas corpus issued herein on June 20,
1947, brings before this Court the question
of the legality of the order of deportation.

On March 27, 1934, at Miami, Florida, in
the District Court of the United States for
the Southern District of Florida, relator
pleaded guilty to an indictment containing
three counts each of which related to a
certain transaction on January 10, 1934,
with one Frank A. Mena concerning the
trafficking in "200 grains of opium" in vio-
lation of the Harrison Narcotic Law, 26

U.S.C.A. Int.Rev.Code, § 2550 et seq., and the Narcotic Drugs Import and Export Act, 21 U.S.C.A. § 171 e seq. On this plea of guilty the Court ruled as follows:

"It is now by the Court here considered, ordered and adjudged and the sentence of the court is that you, Dan Cassetta pay as a fine to the United States of America the sum of $100.00 without costs."

Relator admitted that he was the person named in and who pleaded guilty to the said indictment and that he forthwith paid the fine thus imposed.

Also on March 27, 1934, relator pleaded guilty to a certain indictment in the same court charging him and one Hans V. Durkop in three counts with trafficking in "400 grains of smoking opium" with Frank A. Mena, in violation of the Harrison Narcotic Law and the Narcotic Drugs Import and Export Act. The Court thereupon held:

"It is now by the court here considered, ordered and adjudged and the sentence of the Court is that you, Dan Cassetta pay a fine to the United States of America in the sum of $50.00 withou. costs."

Again relator has admitted that he is the person named in and who pleaded guilty to the said indictment and that he paid the fine forthwith.

The Act of February 18, 1931, 8 U.S.C.A. § 156a, provided, prior to certain amendments hereinafter referred to:

"That any alien (except an addict who is not a dealer in, or peddler of, any of the narcotic drugs mentioned in this Act) who, after the enactment of this Act, shall be convicted and sentenced for violation of or conspiracy to violate any statute of the United States taxing, prohibiting, or regulating the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, or any salt, derivative, or preparation of opium or coca leaves, shall be taken into custody and deported in manner provided in sections 19 and 20 of the Act of February 5, 1917, entitled 'An Act to regulate the immigration of aliens to, and the residence of aliens in, the United States.'"

The Alien Registration Act 1940, Chapter 439, 3rd Session, 76th Congress, 54 Stat. 673, approved June 28, 1940, amended the Act of February 18, 1931, in certain respects, as follows:

"Sec. 21. The Act entitled 'An Act to provide for the deportation o: aliens convicted and sentenced for violation of any law regulating traffic in narcotics,' approved February 18, 1931, is amended—

"(1) By striking out the words 'and sentenced';

"(2) By inserting after the words 'any statute of the United States' the following: 'or of any State, territory, possession, or of the District of Columbia,' ; and

"(3) By inserting after the word 'heroin' a comma and the word 'marihuana.' "

The limitations upon and the effect of this amendment are defined in the following section:

"Sec. 22. No alien shall be deportable by reason of the amendments made by section 20 or 21 on account of any act committed prior to the date of enactment of this Act." 8 U.S.C.A. §§ 155 note, 156a note.

The relator first contends that the effect of the aforesaid amendment to the Act of February 18, 1931, is to eliminate entirely any deportation of an alien because of any ac prior to June 28, 1940. He argues that Sec. 22 should be construed as generally forbidding deportation "on account of any act committed prior to the date of enactment of this Act." Were this contention sustained, an act of trafficking in narcotics on June 27, 1940, or at any time prior thereto could be no basis for an order of deportation. Needless to say, no authority is cited to sustain this proposition and it finds support only in some vague generalities expressed by individual members of the Congress in the course of the debate which preceded the enactment of the Alien Registration Act, 1940.

The meaning and purpose of the amendment are sufficiently plain. Title 8 U.S.C.A. § 156a is changed in three respects. In the first place, the words "and sentenced" are deleted so that "conviction" alone is neces-

sary. In the second place, the conviction is to be not merely for violation of or conspiracy to violate any statute of the United States relating to traffic in narcotics but also any similar statute "of any State, Territory, possession, or of the District of Columbia." In the third place, "marihuana" is added to the list of narcotics enumerated in the Section. It may be noted in passing that the statute as thus amended is in every instance made more comprehensive and, as the phrase goes, tightened up.

Lest there be any doubt as to the effect of the amendment, Section 22 provides that no alien shall be deportable "by reason of the amendments made by section 20 or 21" because of an act committed prior to the date of enactment. In other words, a deportee could not lawfully be taken into custody and deported if, prior to June 28, 1940, he had been merely "convicted" of but not "sentenced" for a violation defined in the statute or if his conviction and sentence had been for the violation of or conspiracy to violate a statute of a state, territory, possession or of the District of Columbia but not a statute of the United States or if his violation had related to "marihuana" rather than to opium, coca leaves, heroin, or any salt, derivative, or preparation of opium or coca leaves.

That there was no intention on the part of the Congress to eliminate the provisions of the Act of February 18, 1931, in their entirety, with respect to a conviction and sentence prior to the enactment of the Alien Registration Act, 1940, is further manifest by Section 20 of the Alien Registration Act, 1940, 8 U.S.C.A. § 155, which in subdivision (c) thereof gives the Attorney General certain powers to permit aliens to depart or to suspend deportation of certain aliens, followed by subdivision (d) which provides:

"(d) The provisions of subsection (c) shall not be applicable in the case of any alien who is deportable under (1) the Act of October 16, 1918 (40 Stat. 1008; U.S.C., title 8, sec. 137), entitled 'An Act to exclude and expel from the United States aliens who are members of the anarchist and similar classes', as amended; (2) the

Act of May 26, 1922, entitled 'An Act to amend the Act entitled "An Act to prohibit the importation and use of opium for other than medicinal purposes", approved February 9, 1909, as amended' (42 Stat. 596; U.S.C., title 21, sec. 175); (3) the Act of February 18, 1931, entitled 'An Act to provide for the deportation of aliens convicted and sentenced for violation of any law regulating traffic in narcotics', as amended (46 Stat. 1171; U.S.C., title 8, sec. 156a); (4) any of the provisions of so much of subsection (a) of this section as relates to criminals, prostitutes, procurers, or other immoral persons, the mentally and physically deficient, anarchists, and similar classes; or (5) subsection (b) of this section."

The purpose and intent of the Alien Registration Act 1940, in so far as it relates to the deportation of aliens, are thus disclosed throughout to be the elimination of loopholes and ambiguities in the Act of February 18, 1931 so that the deportation of undesirable aliens should be more certain and free from technical evasion. Every one of the amendments above described is designed to accomplish this purpose.

■ There are accordingly two periods definitely marked by the terms of the statute. With respect to violations committed on or after June 28, 1940, conviction only is necessary, marihuana is included in the catalogue of narcotics referred to and the violation may be of any statute lawfully made within the territorial confines of the United States of America relating to traffic in narcotics. With respect to violations committed after February 17, 1931, but prior to June 28, 1940, there must be a sentence as well as a conviction, marihuana is not included and the violation can only be a violation of a statute of the United States relating to traffic in narcotics.

Relator's first contention must, accordingly, be rejected.

■ The further contention is advanced by relator that he was not "convicted and sentenced" as required by the Act of February 18, 1931. It is argued that the imposition of a fine does not constitute a "sentence" and that a person could be held to be "convicted and sentenced" only when the

court had adjudged the defendant guilty and sentenced him to a term of imprisonment. There is nothing in this point. The adjudications by the United States District Court for the Southern District of Florida, above quoted, sufficiently demonstrate that a "sentence" was imposed, upon relator's plea of guilty to each of the two indictments. While it may be true, as asserted by relator, that there is no case deciding the point, it is likely that the reason for this is that the contention is so wholly lacking in merit that it has not previously been urged.

This conclusion is fortified by dictionary definitions, various provisions of the new Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, the wording of other sections of the statutes relating to deportation of aliens and the phraseology used in the opinions of courts on the subject.

The writ is dismissed.

Settle order on notice.